| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF KINGS | Index No. 501382/21 |
| DANEIL SMITH,<br><br>*Plaintiff*,<br><br>-against-<br><br>WALMART INC.,<br><br>*Defendant*. | Plaintiff designates Kings County as the place of trial.<br><br>The basis of venue is plaintiff's residence.<br><br>**SUMMONS**<br><br>Plaintiff resides in Kings County, State of New York |

COUNTY OF KINGS

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: January 19, 2021

NEWMAN, ANZALONE & NEWMAN, LLP
Attorneys for the Plaintiff
Office and Post Office Address
95-25 Queens Boulevard
11th Floor
Rego Park, New York 11374

DEFENDANT'S ADDRESS:

**WALMART INC.**
c/o Secretary of State
Albany, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

DANEIL SMITH,

        *Plaintiff,*   Index No.: 501382/21

  -against-        **VERIFIED COMPLAINT**

WALMART INC.,

        *Defendant.*

Plaintiff, by his attorneys, Newman, Anzalone & Newman, LLP, complaining of the Defendant, states to the Court and alleges as follows upon information and belief:

1. That at all times herein mentioned, Plaintiff, **DANEIL SMITH**, was and remains a resident of the County of Kings, City and State of New York.

2. That at all times herein mentioned, Defendant, **WALMART INC.**, was a domestic corporation organized under and existing pursuant to the laws of the State of New York.

3. That at all times herein mentioned, Defendant, **WALMART INC.**, was and still is a foreign corporation authorized to do business in the New York.

4. That upon information and belief, and at all times mentioned herein, Defendant, **WALMART INC.**, was and remains a partnership doing business in the State of New York.

5. That upon information and belief, and at all times herein mentioned, Defendant, **WALMART INC.**, was and still is a business entity transacting business in the State of New York.

6. That upon information and belief, and at all times herein mentioned, the Defendant, **WALMART INC.**, was the lessee of a certain retail store premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York, pursuant to a lease agreement.

7. That upon information and belief, and at all times herein mentioned, the Defendant, **WALMART INC.**, was doing business as "Walmart Store # 5293" at the aforesaid retail store premises located at 77 Green Acres Road, Valley Stream, in the County of Nassau, State of New York.

8. That upon information and belief, and at all times herein mentioned, the Defendant, **WALMART INC.**, operated a business at the aforesaid retail store premises located at 77 Green

Acres Road, Valley Stream, in the County of Nassau, State of New York, and more particularly a Hypermarket open to the general public.

9. That upon information and belief, and at all times herein mentioned, the Defendant, **WALMART INC.**, possessed the aforesaid business premises.

10. That upon information and belief, and at all times herein mentioned, the Defendant, **WALMART INC.**, managed the aforesaid business premises.

11. That upon information and belief, and at all times herein mentioned, the Defendant, **WALMART INC.**, maintained the aforesaid business premises.

12. That upon information and belief, and at all times herein mentioned, the Defendant, **WALMART INC.**, controlled the aforesaid business premises.

13. That upon information and belief, and at all times herein mentioned, the Defendant, **WALMART INC.**, operated the aforesaid business premises.

14. That at all times herein mentioned, the Plaintiff, **DANEIL SMITH**, was a lawful patron within the aforementioned business premises, at the implied request and invitation of the Defendant, **WALMART INC.**

15. That on the 5th day of September, 2018, while the Plaintiff, **DANEIL SMITH**, was lawfully shopping within the aforesaid store premises of the Defendant, **WALMART INC.**, and using due care for his safety, suddenly and without any warning or notice, he was caused to be struck by a u-boat which was being pushed/operated by an agent, servant and/or employee of the Defendant, **WALMART INC.**, thereby causing said Plaintiff to sustain the serious injuries and damages as herein alleged.

16. That the Defendant, **WALMART INC.**, was at all times under a duty to ensure safe and proper operation of any and all u-boat(s) used by its employees so as to avoid said u-boat(s) from being operated or used in a manner dangerous to pedestrians within its business premises and more particularly, the Plaintiff, **DANEIL SMITH**.

17. That the Defendant, **WALMART INC.**, was vicariously negligent through the acts of its employees, agents and/or servants.

18. That the Defendant, **WALMART INC.**, was negligent in the hiring, training, and retaining of inadequate and incompetent personnel.

19. That the Defendant, **WALMART INC.**, by its agent, servants and employees, was negligent in the ownership, use and operation of said u-boat and in permitting a u-boat to strike the person of the Plaintiff, all in derogation of its aforesaid duty.

20. That the Defendant, **WALMART INC.**, was at all times under a duty to insure the safety of patrons within its art museum premises and more particularly, the Plaintiff, **DANEIL SMITH.**

21. That said accident and the injuries and damages resulting to the Plaintiff therefrom, were due wholly and solely to the negligence, carelessness and/or recklessness of the Defendant, its agents, servants and/or employees, without any fault on the part of the Plaintiff contributing thereto.

22. That solely by reason of the aforesaid, the Plaintiff, **DANEIL SMITH**, sustained and suffered certain and severe permanent personal injuries to his body, and limbs, and a severe shock to his nervous system, and his said injuries are, in part, of a permanent nature, and causing said Plaintiff to become sick, sore, lame and disabled for a long period of time after said accident.

23. That by reason of the foregoing, Plaintiff, **DANEIL SMITH**, was rendered sick, sore, lame and disabled, and suffered severe, painful and permanent injuries to various parts of her person with accompanying pain; that Plaintiff continues to be sick, sore, lame and disabled, she has been incapacitated and has expended and become obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering. She was unable and continues to be unable for some time to come, to pursue her usual duties and daily activities.

WHEREFORE, Plaintiff, **DANEIL SMITH**, has sustained injuries and damages in a sum greater than the jurisdictional limits of any lower court and as such, demands judgment on all causes of action stated herein against the Defendant.

Dated:    Rego Park, New York
           January 19, 2021

                                      Yours, Etc.

                                      GREGORY S. NEWMAN, ESQ.
                                      Newman, Anzalone &Newman, LLP
                                      Attorneys for Plaintiff
                                      95-25 Queens Boulevard
                                      11th Floor
                                      Rego Park, NY 11374
                                      (718) 896-2700

## **ATTORNEY'S VERIFICATION**

STATE OF NEW YORK   )
                    )   ss.:
COUNTY OF QUEENS    )

I, GREGORY S. NEWMAN, ESQ., an attorney admitted to practice in the courts of New York State, state:

I am a member of the firm, **NEWMAN, ANZALONE & NEWMAN, LLP,** the attorneys of record for the Plaintiff in the within action; I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the Plaintiff is that the Plaintiff resides outside the county wherein I maintain office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: information gathered in my file.

I am over 18 years of age, I am not a party to the action, and I reside in Suffolk County in the State of New York.

Dated: Rego Park, New York

January 19, 2021

_____
GREGORY S. NEWMAN, ESQ.

Index No.: 501382/21

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

---

**DANEIL SMITH,**

*Plaintiff,*

-against-

**WALMART INC.,**

*Defendant.*

---

**SUMMONS AND VERIFIED COMPLAINT**

---

NEWMAN, ANZALONE & NEWMAN LLP
*Attorneys for Plaintiff*
95-25 Queens Boulevard, 11th Floor
Rego Park, New York 11374
Telephone: (718) 896-2700
Facsimile: (718) 896-2560

---

*Pursuant to 22 NYCRR 130.1-1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* 1/19/2021       *Signed:* _____

---

*Service of a copy of the within*

*Dated:* _____       *Signed:* _____

WM 21-133 PC                                     SUPREME
COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------X

DANEIL SMITH,                                    **Index No.: 501382/21**

        Plaintiff,

  -against-                                     **VERIFIED ANSWER**

WALMART INC.,

        Defendant.
------------------------------------------------------------------X

        The defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART INC., by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

        1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

        2: Defendant denies the allegations set forth in paragraph marked "2" and each and every part thereof.

        3: Defendant denies the allegations set forth in paragraphs marked "3", "4", "5", "6", "7" and "8" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

        4: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "9", "10", "11" and "12" and refers all questions of law to the trial court.

        5: Defendant denies the allegations set forth in paragraph marked "13" except admits that WAL-MART STORES EAST, LP is the operator of the Valley Stream Walmart store.

6: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "14", "15" and "16" and each and every part thereof.

7: Defendant denies the allegations set forth in paragraphs marked "17", "18", "19", "20" and "21" and each and every part thereof.

8: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "22" and "23" and each and every part thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART INC., requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
January 25, 2021

               Yours, etc.

               BRODY O'CONNOR & O'CONNOR
               Attorneys for Defendant

             By: _____
               PATRICIA A. O'CONNOR
               7 Bayview Avenue
               Northport, New York 11768
               (631) 261-7778
               File No.: WM 21-133 PO

TO: NEWMAN, ANZAONE & NEWMAN, LLP
   Attorneys for Plaintiff
   95-25 Queens Boulevard, 11th Floor
   Rego Park, New York 11374
   (718) 896-2700

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
January 25, 2021

PATRICIA A. O'CONNOR